### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOSCO CORPORATION,<br>a Nevada corporation,<br><br>                Plaintiff,<br><br>vs.<br><br>SUN COMPANY, INC. (R&M),<br>a Pennsylvania corporation;<br>KOCH INDUSTRIES, INC., as successor<br>to Rock Island Oil & Refining Co., Inc.,<br>a Kansas corporation;<br>ALPHA OIL COMPANY,<br>an Oklahoma corporation;<br>RESOURCE RECOVERY COMPANY;<br>and ENERGY REALTY<br>INTERNATIONAL,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-95-556-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the Court is defendant Koch Industries, Inc.'s ("Koch") Motion to Strike and/or Dismiss ConocoPhillips' Motion to Enforce Declaratory Judgment, filed April 9, 2007. On April 27, 2007, judgment creditor ConocoPhillips Company ("COP"), successor by merger to plaintiff Tosco Corporation, filed its response.

Plaintiff Tosco Corporation ("Tosco") filed this action on April 10, 1995 against Koch and other former owners and operators of an abandoned refinery site near Duncan, Oklahoma ("Refinery"), seeking contribution and declaratory relief relating to past and future investigation, cleanup, and abatement activities at the Refinery. In February, 1998, Tosco's claims against Koch were tried in a bench trial, and judgment was entered in favor of Tosco against Koch. On March 26, 2007, COP filed a Motion to Enforce Declaratory Judgment. Koch now moves to strike and/or dismiss COP's motion to enforce.

Koch asserts that COP should have filed an application to reopen this case prior to filing its motion to enforce. While technically COP should have moved to reopen this case prior to filing its motion to enforce, the Court finds that in the interest of judicial economy and efficiency, COP's motion to enforce should not be stricken based upon COP's failure to move to reopen the case. On the same day that Koch filed its motion to strike/dismiss, it filed an application to reopen this case. The Court has granted that application and has reopened this case, and Koch has filed its own motion to enforce judgment. Thus, since this case is now reopened and the matter of enforcing the judgment is currently before the Court, the Court finds that if it struck COP's motion to enforce for the reason asserted by Koch, COP could simply file its motion to enforce judgment again – an act the Court finds unnecessary under the circumstances.

Koch also asserts that COP's motion to enforce should be summarily dismissed because the original Consent Agreement and Final Order ("CAFO") entered into in 1995 by Tosco and the Oklahoma Department of Environmental Quality has been suspended with the intention it be fully rescinded and since the 1995 CAFO was the foundation of the Court's judgment, in its absence, the Court has nothing left to enforce. Having carefully reviewed the Court's March 26, 1998 Findings of Fact and Conclusions of Law, the Court finds that the 1995 CAFO was not the "foundation" of the Court's judgment and, accordingly, COP's motion to enforce should not be summarily dismissed because the 1995 CAFO has been suspended.

Therefore, for the reasons set forth above, the Court DENIES Koch's Motion to Strike and/or Dismiss ConocoPhillips' Motion to Enforce Declaratory Judgment [docket no. 283].

**IT IS SO ORDERED this 15th day of October, 2007.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE