**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TOSCO CORPORATION, ) | |
| a Nevada corporation, ) | |
|      ) | |
|      Plaintiff, ) | |
|      ) | |
| vs.     ) | Case No. CIV-95-556-M |
|      ) | |
| SUN COMPANY, INC. (R&M), ) | |
| a Pennsylvania corporation; ) | |
| KOCH INDUSTRIES, INC., as successor ) | |
| to Rock Island Oil & Refining Co., Inc., ) | |
| a Kansas corporation; ) | |
| ALPHA OIL COMPANY, ) | |
| an Oklahoma corporation; ) | |
| RESOURCE RECOVERY COMPANY; ) | |
| and ENERGY REALTY ) | |
| INTERNATIONAL, ) | |
|      ) | |
|      Defendants. ) | |

## ORDER

Before the Court is defendant Koch Industries, Inc.'s ("Koch") Motion for an Order Deeming Admitted Certain Requests for Admissions Made by Koch to ConocoPhillips Company, filed January 3, 2008. On January 21, 2008, ConocoPhillips Company ("COP"), plaintiff's successor, filed its response, and on February 1, 2008, Koch filed its reply.

In its motion, Koch contends that COP's responses to Request for Admission Nos. 1, 2, 3, 10, 11, 12, 13, 19, 20, 31, 32, 33, 34, 35, 36, and 37 are evasive and ambiguous and that this Court, therefore, should deem them admitted pursuant to Federal Rule of Civil Procedure 36. In its response, COP asserts that its responses are completely adequate "in light of Koch's inappropriately vague, ambiguous and potentially misleading requests for admission." COP's Response and Objection to Koch Industries, Inc.'s Motion for Order Deeming Admitted Certain Requests for Admissions at 3.

Rule 36 provides, in pertinent part:

> **(4) *Answer.*** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
> **(5) *Objections.*** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.
> **(6) *Motion Regarding the Sufficiency of an Answer or Objection.*** The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. . . .

Fed. R. Civ. P. 36(a)(4),(5),(6).

Having carefully reviewed the parties' submissions, and particularly COP's responses to Koch's requests for admission, the Court finds COP's responses to the requests at issue are appropriate, sufficient, and comply with Rule 36. Specifically, the Court finds that COP's objections regarding various terms being undefined and potentially misleading and confusing are appropriate objections, particularly in light of the nature of the current matter pending before this Court and the potential impact the term's actual definition could have in this matter. The Court further finds that COP complied with the requirements of Rule 36 by specifically denying Request

for Admission Nos. 1, 2, 3, 10, 11, 12, 13, 31, 32, 33, 34, 35, 36, and 37 and that such denials fairly responded to the substance of the matter.[1]

Accordingly, the Court DENIES Koch's Motion for an Order Deeming Admitted Certain Requests for Admissions Made by Koch to ConocoPhillips Company [docket no. 301].

**IT IS SO ORDERED this 30th day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The Court would further note that any challenge to the propriety of COP's denial would be premature at this time. *See* Fed. R. Civ. P. 37(c)(2).